morning your honor my name is Cassandra stamina I'm here on behalf of the appellant today I'd like to reserve two minutes of my time for rebuttal if that's possible sure may it please the court counsel an adjustment for obstruction of justice under USSG 3c 1.1 serious matter that is supposed to be directed only towards willful conduct that is above and beyond the offense of conviction it is supposed to be reserved for defendants who consciously act with the purpose of obstructing justice it is not intended to punish a defendant for the exercise of a constitutional right a denial of guilt a refusal to enter a plea or a mere continuation of the illegal conduct already charged in the case that is exactly what happened here in this case the appellant represented herself she was an inmate at the time but even pro se as an inmate she did object to this enhancement as it was proposed in the PSR the court did impose it anyway over her objection and in doing so the court did not make any findings about the facts underlying the enhancement or the reason for the enhancement and for all of those reasons we believe the case needs to be remanded at this point for resentencing so could I ask you a question about page 11 of the PSR yes paragraph 40 and I think this is block quoted in the briefing and so forth but it's sort of in the middle of that paragraph it talks about the arguments you're making she claims that she was Montague and so forth and so on but the next sentence says further the defendant continued to provide materially false information to the pretrial services officer during the pretrial services investigation into the defendants motion for revocation of detention order what is the court referring to or what is the author referring to there what happened I'm just wondering if this is a is if this is conduct that beyond the offense of that she was charged with yes your honor I'm happy to answer that question so first I would say that that same sentence is repeated verbatim in paragraph 30 which is the paragraph that she objected to so that is what she is objecting to in part and that I would say you know is not a surprising question to me because I think that's the closest this court the district court I mean ever came to finding a valid basis for this enhancement what they're referring to is reflected in the supplemental excerpts of record at 40 or 54 and page 55 the government's briefing talks about the pretrial services report on the appellants motion to revoke the detention order that's at 59 to 61 there's nothing new in that report what the government's really referring to is the report that was dated for the August 2nd 2022 hearing and in that report the record that we have here in front of the court it states that the appellant advised that her name was Julie Lynn Montague and not Gwynn Morrison and that she advised that she was born in Burnett Texas here's the rub though those statements to support an adjustment for obstruction have to be material and they have to be willful and when you read the rest of the report you can see that these are not material representations at that point we're talking at that point about bail revocation which I think is what was going on what I'm concerned about is that there's there's indications in here that she wouldn't at one point she said she didn't have family well we know she has family at one point she said she didn't have any assets and then there's this bank account that comes at least that she's that she's sharing sharing paragraph 63 a the government provided so sorry 63 says her husband's responsible for all their finances the government has confiscated all of their assets the following paragraph says the government has provided the probation office with a bank statement addressed to her under the name primrose and it had a balance of $80,000 in it so of course when we're talking about bail we're looking at flight risk and so I'm just reading between the lines and trying to figure out what's going on here why why these misstatements would not be obstruction can you help me out I can I hope so at the time of both of these reports from the very beginning of the case she was in custody she didn't have access the topic of the day was whether that should be revoked right that's this is their joint motion to revoke it's called a motion to revoke it was filed by the appellants so it's a motion to revoke the detention order not a motion to revoke bail sorry are we okay I'm not sure why that matters because they get out right and there isn't the concern flight risk flight risk is a concern you're right so that's why we care about does she have family does she have assets that that's what I'm trying to get at I appreciate that it was her husband's motion and that she joined it but what am I missing here well she does indicate and this information is in the pretrial services reports both of them that she has sisters that's true the government is aware of the sisters of the person born Morrison so there's no indication that she doesn't have family I think she said she didn't have family is the point that just like this bank account it's the government pointing this out the government provided the bank statement but but it contradicts I think her statement if I'm reading this correctly and I really invite you to let me know if you think I'm missing it well I think what the government says is that her representation about her name provided a potential to impede a background investigation and provide her or educational records or her medical records her birth records and she says on advice of counsel I'm very mindful of that but right which of course could never be the basis if it's on the advice of counsel there's case law that says that that can't be the basis for right and so I'm not sure she gets to have it both ways at this point in the in the proceeding she was originally when she gave this information or refused to give it I think she wasn't represented right at the very beginning I think she had an attorney but the attorney hadn't contacted her I think someone had been appointed so so what precisely did the government argue was the obstruction of justice the government well probation argued that there was this materially false representation in the original pre-sentence report that August 2nd report was that about the name what I'm after is what is the government arguing that there's a misrepresentation that should trigger the guideline beyond the statements as to what a true name was the government has not argued that no the government said that the representation about the name had the potential to impede a determination of her background her employment her criminal history and the suitability of bail can I get that and is there anything else that the government argued constituted obstruction of justice no your honor not that I'm aware of would you like to reserve your time for rebuttal yes please your honor thank you thank you your honor may please the court Jonathan slack the United States I'm going to start with addressing the question posed to appellants counsel previously about additional statements made to pretrial services that could amount to obstruction the one that was missed and was argued in a briefing I believe is representation is to birth city so birth city was represented as net Texas in other words the there are several inconsistencies but I think but to follow up on judge Fletcher's point I don't think that's what the government argued here the at the district court level your honor there honestly wasn't a lot of argument on this issue the pretrial services report excuse me the PSR addressed it kind of summarily and then there was an additional argument sentencing on appeal I believe we did argue in the briefing that one of the and that's a distinguishing fact because you know in this case the government does recognize there's a collision between one of the main charges is identity theft but also the individuals assertion of a name is part of a collision there in the Fifth Amendment as well but representing your birth city to be something a place you were not born in and instead representing to be the city of an assumed name it's completely different we regard that as something distinct from saying that you've got an assumed name because that's just part of the identity as to where the assumed name person was born it would be distinct from it your honor that's that's correct and why is it distinct it's part of the investigative steps of the pretrial services officer to look at this individual who's before the court and say you're not you and I aren't quite matching yet she's been living under an assumed name for a long time she maintains while she's in the proceedings that are dangerous to us that she is the person from time to time she admits who she is but much of the time she is assuming that she is saying she's living under the assumed name well the birth city that you're identified is the birth city of the person with the assumed name so why should I view giving the birth city of the person with the assumed name as separate and distinct from just saying I'm the person with the assumed name that's just part of the assumption the identity in my view I can see the argument your honor this that's sort of part and parcel of the whole issue of who she is but additionally there's another statement she made and it's going a step further and saying she's not Morrison that's an affirmative assertion of rejecting the Morrison name so direct denial of the charge that's brought against her though right it's it is a direct denial but it's not required she has no obligation to say to pretrial services would you agree that we're required to construe pro se pleadings liberally I agree with that okay and so she was pro se when she when she filed her objections to the PSR correct okay and so if she objected to paragraph 30 of the pre-sentence report and that's substantively identical to paragraph 40 what's why can't we construe her objection to one paragraph especially as you I think agree we're supposed to construe the pleading liberally what why can't we construe that as an objection to the other paragraph certainly your honor you shouldn't be looking at the numbers objected to and figuring out whether she objected to certain paragraph but the sum and substance of her objection to paragraph 30 is all about facts paragraph 40 adds additional layer of application of the guidelines to the facts nowhere in her statements objecting to paragraph 30 does she address the application of the obstruction guideline to the facts therefore she did she hasn't objected to the application layer okay I think your argument is that unless she objects to the application of the enhancement to the facts we can't construe that objection broadly to include an objection to the statement of obstruction no you're you can construe it to be an objection to the underlying factual disputes which I think there's a couple of layers here and it was in the briefing to be honest the underlying layers the factual disputes are viewed for clear error on appeal and if it's not objected to a plain error the higher layer higher layer is the application of the guidelines to the facts I think you're exactly right that was completely missed I mean really surprisingly to me that the only argument the government is making here is that plain error review is required yarn I think the the briefer went to the shortest path to victory here and is to say that an objection was not made to the obstruction enhancement well there are additional arguments to be made one one I'm making now is since they were not made below or in the briefing well your honor I think you were supposed to consider the full record here and there's there's really no way to say that the appellant didn't object to the factual disputes that's true liberally construing her statements and her sentencing statement however that's a different matter of objecting to the itself and given the objections to the factual statements clear error does apply but the court did not clearly err and in ruling on those factual disputes and there's three of them here there's the misstatements and pretrial services officer which we discussed there's also the express denial of guilt as to the specific charge in this case under oath when the Pelham was examining herself there's no perjury findings and so are you relying on that yes your honor I can excuse me honor you're relying on her denial of guilt denial of guilt to the charge itself under oath when examining herself yes and there's case law that I can distinguish that cited here it's the Dunigan opinion from the Supreme Court talking about how there must to be expressed findings of fact right with respect to willfulness materiality and also falsity none of those cases that are cited doing again Jimenez Jimenez Ortega and Castro Ponce address the situation where the defendant is asked point-blank on the stand did you commit this crime and she says no they're all about sort of collateral matters you know it was a car theft case was the car red or green what date was it and the Dunigan opinion expresses here's a quotation that testimony may be truthful but the jury may nonetheless find testimony insufficient to excuse the criminal liability approved lack of intent that gets at the issue of where the defendant is testifying something collateral but not the whole shebang not that the actual charge itself and here miss miss Morrison decided to testify in her own case examine herself and ask herself the question did you commit identity fraud identity theft and she said no so that is an express denial of guilt the guideline itself in 3c 1.1 discusses how an express denial of guilt can be perjury under and if it's under oath and that can constitute obstruction of justice we need findings from the court you you would your honor however only one was objected to by the appellant that's the willfulness elements if you look at her sentencing statement in response to paragraph 30 she says I did not intend to obstruct justice that's construed as an objection to the willfulness required interesting it's an interesting record from my perspective because she pretty much admitted to the whole thing I'm not sure what she really denied factually she admitted to the to the government's case about how she'd been living under this assumed name so she wasn't sort of sneaky about it and we're looking at obstruction she continued to express confusion about why are you prosecuting me for this and outrage and indignation and whatnot but obstruction seems to be a stretch and it strikes me that the government argued this I just want to invite you to tell me what I'm missing right as you would in another case if the if the crime were you know bank robbery or something right and the defendant denied his or her identity we often see obstruction charges right because if a defendant is trying to pretend to be somebody else so we don't discover the prior convictions or whatnot it feels to me like what happened is the government argued it that way without regard to the fact that in this case the charge is it was identity theft I understand that your honor and admittedly trying to ping the for obstruction in her trial testimony is a difficult issue however I would distinguish and express denial of the charge itself when examining herself nowhere in the case laws that addressed I think in that scenario the defendant is saying I didn't commit the crime the jury later says you did commit the crime by making that decision to testify and to answer that question and pose it to herself she is risking obstruction in that scenario does decide you have more questions judge Fletcher thank you ask you to affirm for the reasons I discussed thank you thank you for your argument we'll hear from opposing counsel thank you your honor I think part of the problem that counsel and the court is having here is that we had an objection to the enhancement and the facts don't know did the court rely on her testimony at trial without making findings about willfulness and what about what about I appreciate that argument and you've and you've briefed it thoroughly what about the court adopting this paragraph that's bothering me it seems to me that there are inconsistencies and misstatements in this record attributed to your client that would have supported an obstruction enhancement what I don't see is that the court has argued them do you want to speak to that I do I mean I obviously I think it's inappropriate for the court to consider new arguments that haven't been briefed by the parties and that we haven't had a chance to discuss I also think that because there was an objection here the proper analysis is not to as it would be if there had been no objection not to review the whole record and say well is there something I can find here that would support the obstruction enhancement that's not the proper analysis because it's really not a plain error analysis because we did have the objection she had been charged with something else if you go back to my hypothetical bank robber with this support and obstruction enhancement refusing to give refusing to give a name giving a wrong name refusing to give the release to get the educational records employment records medical records what about all of that even then it would depend on the circumstances I'm thinking of a case for example I believe from the circuit that says you know if you if you apprehend somebody and they give a false ID at the very beginning of the case and everybody you know figures it out very quickly no that's not obstruction could it be obstruction if it was you know carried on down the road and it affected something it could but when you look at the pretrial services report in this case the very first one where she's talking about the Montague name what you see in that report is that there are no records that are being hidden here pretrial services has already looked for records under both of these names and they've already determined that there are no records under the Morrison name there's no you know bad arrest history or warrant history or anything like that they're gonna miss because of this and the government's argument that well you know if they had looked into it they would have found that this child died how that is material is beyond me it's a confusing analysis to think what so pretrial services is gonna be confused looking at this live grown woman in front of them and thinking she died at birth no pretrial services has read the complaint just like everyone else and the complaint has already laid all of this out for them so the materiality even from I'm you're out of time could you wrap up I am even from those statements I would say is missing but again I think that because there was an objection the proper analysis is not to review the whole record for things that nobody ever argued below or on appeal thank you for your argument thank you both for your arguments we appreciate it very much we'll take that matter under advisement and go on to the next case on the calendar
judges: FLETCHER, CHRISTEN, DESAI